I agree with the majority that the judgment in this case should be affirmed. However, in Part I of the opinion the majority arrives at this conclusion by declaring that although the admission of the appellant's second confession was error, it was harmless error. After reviewing the record, I believe that the trial court acted properly by disallowing the confession made in the morning and by admitting the second statement made in the afternoon. Consequently, I concur specially.
The majority has correctly stated the law regarding the admission of a confession after an accused has unequivocally invoked his right to counsel. I must disagree with their application of the law to the facts in this case, however.
Miranda covers only statements which are involuntarily made to the police in violation of the appellant's right against self incrimination under the Fifth Amendment to the United States Constitution. However, as the United States Supreme Court stated, "Volunteered statements of any kind are not barred by the First Amendment and their admissibility is not affected by our holding today." Miranda v. Arizona,384 U.S. 436, 478, 86 S.Ct. 1602, 1630, 16 L.Ed.2d 694 (1966).
As stated in Ex parte Gospodareck, to determine whether an accused voluntarily waived his right to counsel, the court must consider the totality of the circumstances.
 "An accused can waive the right to remain silent or to consult with an attorney, provided that the waiver is knowingly, intelligently, and voluntarily made. [Miranda v. Arizona] 384 U.S. [436,] at 444 [86 S.Ct. 1602, at 1612, 16 L.Ed.2d 694] [(1996)]. The test to determine whether a waiver was voluntary is the totality of the circumstances surrounding the interrogation, which includes the characteristics of the accused, the conditions of the interrogation, and the conduct of the law enforcement officials. The inquiry as to whether the waiver was knowingly, intelligently, and voluntarily made has two distinct dimensions:
 " 'First, the relinquishment of the right must have been voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion, or deception. Second, the waiver must have been made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it. Only if the "totality of the circumstances surrounding the interrogation" reveal both an uncoerced choice and the requisite level of comprehension may a court properly conclude that the Miranda rights have been waived.' "
" 'Moran v. Burbine, 475 U.S. 412, 421, 106 S.Ct. 1135 [1141],89 L.Ed.2d 410 (1996).' " Ex parte Gospodareck, 666 So.2d 844,845 (Ala. 1995). *Page 234 
After a careful review of the record, I conclude that it is clear that the appellant voluntarily made the afternoon confession. His decision to talk to the Selma detectives after lunch was not coerced and it was made after hisMiranda warnings were repeated.
Cpl. D.H. Carmichael, a Montgomery police officer, testified at both suppression hearings that when he went to get the appellant after lunch he asked him if he wanted to talk any more with the Selma police officers. He told the appellant, "If you want to, fine; if you don't, fine. Just let me know so I can tell them something." R. 107. The appellant then stated that he wanted to talk with Art Freine, the Selma detective. Cpl. Carmichael then escorted the appellant to the interrogation room where his statement was videotaped.
The transcript of this videotaped statement reveals that Cpl. Carmichael asked the appellant if he understood that he was being videotaped, and whether he had requested to speak to Detective Freine. R. 45. He responded affirmatively to both questions. He was then again read his Miranda warnings and thereafter he signed a waiver. R. 46. Then Cpl. Carmichael went the "proverbial second mile" by again asking the appellant whether he had been coerced, threatened, or promised anything in exchange for his statement. He responded, "No." When asked, "[Are you] giving this statement of your own free will?" His response was, "My conscience bearing on me and the good Lord bearing on me, yes sir, I want to give you this statement." R. 47-48.
When the totality of the circumstances in this case are considered, it is profoundly clear that the appellant's confession was voluntary, that he initiated the afternoon session by his own choice with full knowledge and understanding of his rights, and that there was no coercion on the part of the police involved in his interrogation. The appellant made his own choice; and he must live with the consequences.
Consequently, it is my contention that the majority is incorrect by applying a harmless error analysis, because the trial judge did not err. *Page 781